IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL No. ELH-21-0137 |
| REGINALD McELRATH, | |
| *Defendant*. | |

## MEMORANDUM

In an Indictment filed on April 29, 2021 (ECF 1), defendant Reginald McElrath was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One); seventeen counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts Two through Eighteen); and seventeen counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts Nineteen through Thirty-Five). *Id.*  Pursuant to a Plea Agreement (ECF 132), defendant entered a plea of guilty on August 29, 2023, to Counts One, Six, and Twenty-Three. ECF 130. On November 11, 2023, the Court sentenced defendant to a total term of eighteen months of incarceration. ECF 153.

Defendant, who is now self-represented, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). ECF 176 (the "Motion"). In the Motion, defendant argues that he is entitled to a sentence reduction pursuant to Amendment 821 because he had a criminal history score of zero points at the time of sentencing. *Id.*

The government opposes the Motion. ECF 194 ("Opposition"). According to the government, defendant is ineligible for relief pursuant to Amendment 821 because he had two criminal history points at the time of sentencing. ECF 194 at 1 (citation omitted).

1

The Office of the Federal Public Defender ("FPD") has provided notice to the Court that it does not intend to supplement the Motion.  ECF 189.  Defendant also submitted a copy of a letter he received from a lawyer with the FPD, dated July 15, 2024.  ECF 193-1.  The lawyer states, in part, *id.*: "I have reviewed your case, and I am sorry to report that you do *not* qualify for relief . . . because you did not receive any status points at sentencing."  (Emphasis in original).

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny the Motion.

## I.   Factual and Procedural History

The Plea Agreement (ECF 132) contained a detailed stipulation of facts.  *Id.* at 11–13.  The stipulation established that defendant engaged in a conspiracy to fraudulently obtain cell phones and sold them to his coconspirators in exchange for money.  *Id.* at 11.

During the conspiracy, defendant was employed as an associate and manager at OSL, a third-party vendor headquartered in Canada, which handled contractual wireless phone transactions for Walmart, headquartered in Arkansas, among other companies.  *Id.*  At a customer's request, defendant was responsible for submitting applications for new cell phone accounts, or for upgraded cell phone accounts on an existing plan, with various carriers.  *Id.*  As part of the credit approval and authorization process, defendant would enter a customer's personally identifiable information ("PII"), including the customer's date of birth and Social Security number, into a computer terminal located inside of a Walmart store where defendant worked.  *Id.* at 11–12.  That information was then transmitted interstate to various cell phone carriers using the Wireless Activation Retail Platform ("WARP"), a cell phone management system used to determine eligibility for new accounts and/or account upgrades.  *Id.* at 11.

Defendant exploited his position by applying for new and upgraded cell phone accounts in the names of identity theft victims without the victims' knowledge or permission. *Id.* at 12. He obtained and transferred the victims' PII through WARP, and charged purchases of new cell phones to fraudulent cell phone service accounts that he opened in the victims' names, using their PII. *Id.*

McElrath was observed via video surveillance before, during, and after eighteen fraudulent transactions communicating and/or meeting with coconspirators who obtained stolen cell phones directly from him. *Id.* at 13. Defendant received payments from the coconspirators for his role in the conspiracy. *Id.* And, on at least one occasion, defendant kept a stolen cell phone for himself. *Id.*

In total, from July 2019 to January 2020, defendant successfully completed at least eighteen fraudulent cell phone transactions. *Id.* at 12–13. Members of the conspiracy fraudulently obtained cell phones with a total value of at least $537,000. *Id.* at 11. And, fraudulent transactions personally conducted or attempted by defendant in furtherance of the conspiracy totaled approximately $366,015.50 in value. *Id.* at 13.

According to the Amended Presentence Report (ECF 156, "Amended PSR"), at the time of sentencing defendant had twice received probation before judgment for driving while impaired by alcohol ("DWI"), in violation of Maryland Code, § 21-902(b) of the Transportation Article. *Id.* ¶¶ 36, 37; *see also* ECF 140 (defendant's Sentencing Memorandum), at 3. Defendant received one point for each offense, pursuant to U.S.S.G. § 4A1.1(c). ECF 156, ¶¶ 36, 37.

Defendant committed the crimes in issue while he was on probation for one of the DWI offenses. *Id.* ¶ 39. But, because defendant had less than seven criminal history points, he did not receive any status points, in accordance with U.S.S.G. § 4A1.1(e). *Id.* Defendant's criminal

history score was two, *i.e.*, he received one point for each prior DWI offense, which established a criminal history category of II.  *Id.* ¶¶ 38, 40.

At sentencing, the Court granted a downward departure under U.S.S.G. § 4A1.3, placing defendant in a criminal history category of I.  *See* ECF 154 at 1 (Statement of Reasons); ECF 193-1 (letter from the FPD discussing the downward departure).  As explained, the Court sentenced defendant to a total term of eighteen months of incarceration.  ECF 153.  Defendant was also ordered to pay restitution in the amount of $160,648.92.  *Id.* at 5.

Defendant is presently incarcerated at FCI Loretto, located in Loretto, Pennsylvania. https://www.bop.gov/inmateloc/ (search by BOP Register Number 65366-037).  He has a projected release date of January 25, 2025.  *Id.*

## II. Discussion

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One such exception is when the modification is "expressly permitted by statute."  *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the reduction is consistent, *inter alia*, with the sentencing factors in 18 U.S.C. § 3553(a).

Under section 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821.

Amendment 821 "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024). Part A pertains to criminal history and "status points." *Id.* Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. Notably, the amendment eliminated any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points.").

Part B provides for a decrease of two offense levels if ten conditions are met, U.S.S.G. 4C1.1(a):

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;

>   **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>   **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>   **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>   **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

As indicated, defendant argues in the Motion that he is entitled to a sentence reduction based on the retroactive application of Part B to Amendment 821, because he had zero criminal history points at the time of sentencing. ECF 176. According to the government, defendant "was assessed two criminal history points pursuant to U.S.S.G. § 4A1.1 and is therefore ineligible for a sentence reduction under the changes made to the Sentencing Guidelines by Amendment 821." ECF 194 at 1 (citation omitted).

As noted, Amendment 821 went into effect on November 1, 2023. Defendant was sentenced on November 11, 2023. *See* ECF 153. In the defendant's Sentencing Memorandum (ECF 140), defense counsel specifically argued that defendant was not subject to a two-point enhancement to his criminal history points, despite being on probation at the time he committed the offenses at issue, because of the enactment of Amendment 821. Defense counsel stated, in part, *id.* at 3:

> [T]he United States Sentencing Guidelines no longer impose a two-level increase when a defendant committed any part of the offense while serving a prior sentence, to include probation. In this case, Mr. McElrath was serving probation for the driving under the influence case. Pursuant to USSG 4A1.1(e), only defendants who have more than seven criminal history points are subject to an increase in their criminal history category.

Because defendant had fewer than seven criminal history points, defense counsel argued that the two status points set forth in the original Presentence Report (ECF 138) "should be

6

removed." ECF 140 at 3; *see* ECF 138, ¶ 39. The Court agreed. Therefore, the PSR was amended to conform with Amendment 821. *See* ECF 156.

The Amended PSR states, *id.* ¶ 39: "The defendant committed the instant offense while under a criminal justice sentence; however, less than seven criminal history points were received under [U.S.S.G. § 4A1.1] subsections (a) through (d). Therefore, no additional points were added." Thus, defendant received the benefit of Part A to Amendment 821 in the computation of his criminal history score, in accordance with U.S.S.G. § 4A1.1(e).

Moreover, § 3582(c)(2) of 18 U.S.C. permits a court to modify a term of imprisonment if the defendant was sentenced "based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission . . . ." (Emphasis added). But, defendant was not sentenced based on a sentencing range that was "subsequently" lowered. *Id.* Amendment 821 was already in effect at the time defendant was sentenced. Therefore, defendant's sentence remains subject to the general rule that a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).

Further, the Court notes that, because defendant received two criminal history points, ECF 156, ¶¶ 36–38, he was not eligible for a decrease of two offense levels under Part B of Amendment 821. *See* U.S.S.G. § 4C1.1(a)(1) (directing the court to "decrease the offense level" if, *inter alia*, "the defendant did not receive any criminal history points"); *see also United States v. Humphreys*, No. 21-CR-66-MOC, 2024 U.S. Dist. LEXIS 29779, at *2 (W.D.N.C. Feb. 21, 2024) (concluding that a defendant was "ineligible for sentencing reduction under Part B" because he "had six criminal history points.").

7

## III.  Conclusion

For the foregoing reasons, I shall deny defendant's Motion (ECF 176).  An Order follows, consistent with this Memorandum.

Date: October 17, 2024                              /s/
                                        Ellen Lipton Hollander
                                        United States District Judge